UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

    Plaintiff,

v.

UNITED STATES DISTRICT COURT,

    Defendant.

Case No. C23-05157-JCC-SKV

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff John Robert Demos, Jr., is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in several courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993); *Demos v. U.S. Dist. Ct. for E. Dist. of Wash.*, 925 F.2d 1160 (9th Cir. 1991).

In the current case, Plaintiff requests that the Court file his proposed criminal complaints against two federal judges. Dkt. 1. First, he alleges that United States Magistrate Judge Theresa L. Fricke caused him injury when she transferred his complaint in *Demos v. Pierce*, No. 3:23-cv-05070-TL-TLF, to the Eastern District of Washington. *Id.* at 3. He contends that Judge Fricke

REPORT AND RECOMMENDATION - 1

1  knew the transfer was tantamount to a summary dismissal because of bar orders in place in the
2  Eastern District. *Id.* He also alleges that United States District Court Chief Judge Stanley A.
3  Bastian impermissibly ordered the Clerk of the Court in the Eastern District not to accept Plaintiff's
4  filings. *Id.* at 8. Plaintiff contends that these actions give rise to criminal liability and requests
5  that the Court file his proposed criminal complaints and/or refer the matter to the United States
6  Attorney's Office for criminal prosecution. *Id.* at 5, 10. Plaintiff has not paid the civil filing fee,
7  nor has he submitted an application to proceed *in forma pauperis*.

8                                          DISCUSSION

9         Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints
10 brought by prisoners seeking relief against a governmental entity or officer or employee of a
11 governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any
12 portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon
13 which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from
14 such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when it "lacks an arguable basis
15 either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To survive screening, "a
16 complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is
17 plausible on its face.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v.*
18 *Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).

19        Plaintiff's submission is frivolous and fails to state a claim on which relief may be granted.
20 Although Plaintiff cites multiple decisions of the United States Supreme Court in support of his
21 assertion that "criminal cases under the federal common law may be prosecuted by a private citizen
22 or party," none of the cited cases support this proposition, nor is the Court aware of any other
23 authority for this type of action. Dkt. 1 at 4, 9.

Even if the Court were to interpret this filing as a 28 U.S.C. § 1983 claim for damages against the two named judges, this filing would remain deficient. To state a § 1983 claim, Plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff's complaint fails to identify any constitutional or statutory right that was infringed by the judges' conduct. Further, judges are protected by absolute judicial immunity for actions taken in their capacity as judicial officers. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Because Plaintiff's filing lacks any arguable basis and names parties who are immune from suit, it is frivolous and fails to state a claim for relief.[1]

## CONCLUSION

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Because Plaintiff names immune parties and requests inappropriate relief, the Court recommends this case be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

---

[1] Plaintiff filed this action on the same day that he filed an application to proceed *in forma pauperis* and proposed civil rights complaint containing similar allegations against Judge Fricke, United States District Judge Tana Lin, the Clerk of the Court for the Western District of Washington, Washington State Supreme Court Chief Justice Debra Stephens, and Clerk of the Washington State Supreme Court Erin Lennon. *See Demos v. Fricke, et al.*, No. 3:23-cv-05156-TSZ, at Dkt. 1. United States Magistrate Judge Brian Tsuchida issued a Report and Recommendation to deny the application and dismiss the proposed complaint with prejudice because the bar order did not allow him to proceed with the action *in forma pauperis* and because all named Defendants were immune from suit. *See id.*, at Dkt. 2.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 14, 2023**.

Dated this 20th day of March, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4